UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WELDON LEDBETTER,

    Plaintiff,

vs.                                 Case No.:

SOUTHEASTERN LAUNDRY
EQUIPMENT SALES, INC., a
Georgia for Profit Corporation,

    Defendant.
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, WELDON LEDBETTER, by and through undersigned counsel, hereby sues the Defendant, SOUTHEASTERN LAUNDRY EQUIPMENT SALES, INC., for unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

**I.**    **NATURE OF SUIT**

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of

living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

**II.     PARTIES**

1.      Plaintiff, WELDON LEDBETTER, was an employee of the Defendant within the last three (3) years for Defendant in Cobb County, Georgia.

2.      Defendant, SOUTHEASTERN LAUNDRY EQUIPMENT SALES, INC., is a full service laundry equipment distributor.

**III.    JURISDICTION AND VENUE**

3.      Defendant, SOUTHEASTERN LAUNDRY EQUIPMENT SALES, INC., is a Georgia corporation that operates and conducts business in, among others, Cobb County, Georgia, and is therefore, within the

jurisdiction of this Court.

4. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1337.

5. The venue of this Court over this controversy is proper based upon the claim arising in Cobb County, Georgia.

## IV. FACTUAL ALLEGATIONS

6. Plaintiff was a "service technician" and performed related activities for Defendant in Cobb County, Georgia.

7. Plaintiff's main duty was making repairs of commercial laundry equipment.

8. In this capacity, Plaintiff earned a rate of pay of $14.00 per hour ($560 per week).

9. Plaintiff worked for Defendant from approximately December 2012 through May 2015.

10. During Plaintiff's employment, Plaintiff worked in excess of forty (40) per work week during one or more work weeks. On average, Plaintiff works fifty-five (55) to sixty (60) hours per week.

11. Plaintiff was not paid overtime compensation when he worked more than forty (40) hours per week.

12. Plaintiff should have received compensation at time and one half his regular rate of pay for these overtime hours.

13. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## V.  COVERAGE

14. At all material times relevant to this action (2012-2015), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

15. At all material times relevant to this action (2012-2015), Defendant made gross earnings of at least $500,000 annually.

16. At all material times relevant to this action (2012-2015), Defendant accepted payments from customers based on credit cards issued by out of state banks.

17. At all material times relevant to this action (2012-2015), Defendant routinely ordered materials or supplies from out of state. (i.e. Laundry supplies and equipment, etc.).

18. At all material times relevant to this action (2012-2015), Defendant had 2 or more employees engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce. (i.e. Laundry supplies and equipment, etc.).

19. At all material times relevant to this action (2012-2015), Plaintiff was individually engaged in interstate commerce during his employment with Defendant, by working with food supplies and equipment from out of state.

20. At all material times relevant to this action (2012-2015), Defendant used U.S. mail to send and receive letters to and from other states.

21. At all times relevant to this action (2012-2015), Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

22. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-21 above.

23. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

24. During his employment with Defendant, Plaintiff regularly worked overtime hours but was not paid time and one half compensation for the same.

25. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, time and one half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

26. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

27. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

28. Plaintiff demands a jury trial on all issues so triable against Defendant.

Dated this 26th day of October, 2015.

Respectfully submitted,

/s/ Justin D. Miller
Justin D. Miller
Georgia Bar No. 001307
Attorney for Plaintiff
Morgan & Morgan, P.A.
PO Box 57007
Atlanta, Georgia 30343-1007
Telephone: (404) 965-8811
Facsimile: (404) 965-8812
Email: JDMiller@forthepeople.com
*Attorneys for Plaintiff*