IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WELDON LEDBETTER,  )<br> )<br>    Plaintiff/Counter-Defendant,  )<br> )<br>v.  )<br> )<br>SOUTHEASTERN LAUNDRY  )<br>EQUIPMENT SALES, INC., a  )<br>Georgia for Profit Corporation,  )<br> )<br>    Defendant/Counter-Claimant.  ) | CIVIL ACTION FILE NO.<br>1:15-CV-03746-ELR |

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff/Counter-Defendant, WELDON LEDBETTER and Defendant/Counter-Claimant, SOUTHEASTERN LAUNDRY EQUIPMENT SALES, INC., a Georgia for Profit Corporation, (collectively "the Parties"), by and through their undersigned counsel, jointly request that this Court make a fairness finding approving the terms of the Parties' settlement of the above captioned matter and dismissing this case with prejudice. The Settlement Agreement between the parties is attached as Exhibit "A."

**I.**     **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the

2

> court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff/Counter-Defendant's FLSA claims against Defendant/Counter-Claimant. The proposed settlement arises out of an action brought by the Plaintiff/Counter-Defendant against his former employer, which was adversarial in nature. During the litigation and settlement of this action, Plaintiff/Counter-Defendant and Defendant/Counter-Claimant were represented by experienced counsel.

Plaintiff was counter-sued by Defendant for breaching an agreement that included a Non-Competition, Non-Solicitation and Non-Disclosure Clause. *See* Doc. 7. In sum, Defendant accused Plaintiff of misappropriating its customer payments and assets and also soliciting their customers to Plaintiff's own company. To avoid further litigation costs, the Parties have agreed to settle the case and dismiss all claims.

3

## II. Terms of Settlement

### A. Plaintiff/Counter-Defendant's Recovery

Defendant has agreed to pay Plaintiff/Counter-Defendant in the amount of $2,000.00 in exchange for a complete release from Plaintiff. Defendant has also agreed to release Plaintiff from actions that he took during his employment with Defendant. Plaintiff has decided that this is of value to him.

### B. Attorney's Fees/Costs

Defendant has agreed to pay Plaintiff/Counter-Defendant fees/costs in the amount of $1,975.00 as payment of fees and $525.00 as payment of costs.

## III. Conclusion

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and dismiss the instant action as well as any and all other pending claims between the Parties with prejudice.

Dated on this 20th day of May, 2016.

Respectfully submitted,

| | |
|---|---|
| *s/ Justin D. Miller* <br> Justin D. Miller, Esq. <br> Georgia Bar No. 001307 <br> **MORGAN & MORGAN, P.A.** <br> Post Office Box 57007 <br> Atlanta, Georgia 30343-1007 <br> Telephone:  (404) 965-8811 <br> Facsimile:   (404) 965-8812 <br> Email: JDMiller@forthepeople.com <br> *Attorneys for Plaintiff/Counter-Defendant* | *s/ Raanon Gal* <br> Raanon Gal, Esq. <br> Georgia Bar No. 100281 <br> Eric S. Fisher, Esq. <br> Georgia Bar No. 250428 <br> **TAYLOR ENGLISH DUMA LLP** <br> 1600 Parkwood Circle, Suite 400 <br> Atlanta, GA 30339 <br> Facsimile::   (770) 434-7376 <br> Email: rgal@taylorenglish.com <br> Email: efisher@taylorenglish.com <br> *Attorneys for Defendant/Counter-Claimant Southeastern Laundry Equipment Sales, Inc.* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of May, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

**s/ JUSTIN MILLER** <br> Justin Miller, Esq.
