EXHIBIT "A"

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS is a Settlement Agreement and General Release ("Agreement") between Weldon Ledbetter ("Employee") and Southeastern Laundry Equipment Sales, Inc. ("SLES" or "the Company").

WHEREAS, Employee was employed by the Company and his employment ended;

WHEREAS, certain differences have arisen between Employee and the Company (collectively the "Parties") relating to Employee's employment and separation from the Company;

WHEREAS, Employee claims that the Company did not compensate him for certain overtime hours and the Company claims that Employee breached his Non-Competition, Non-Solicitation and Non-Disclosure Agreement for Service Technicians ("Restrictive Covenant Agreement") by deceiving the Company's clients into paying him instead of the Company during his employment with Company, among other things;

WHEREAS, Employee filed a lawsuit in the U.S. District Court for the Northern District of Georgia titled *Weldon Ledbetter v. Southeastern Laundry Equipment Sales, Inc.*, Civil Action No. 1T5-CV-03746-ELR (the "Lawsuit") and the Company filed counterclaims in the Lawsuit against Employee for actions that took place during his employment;

WHEREAS, the Company and Employee deny all of the respective claims and counterclaims of the other party;

WHEREAS, the Parties wish to resolve the differences that have arisen between them and to resolve the Lawsuit;

WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein shall, in any way, be construed or considered to be an admission by either party of guilt, wrongdoing, or noncompliance with any federal, state or local statute, public policy, tort law, contract law, common law, or any other wrongdoing whatsoever. This Agreement is entered solely to buy peace and to resolve disputed claims against each other and for no other reason.

NOW, THEREFORE, in consideration of the mutual promises contained herein, and other good and valuable consideration as hereinafter recited, the adequacy of which is hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

1. The Company will make payment as follows:

    A check payable to Weldon Ledbetter, in the amount of Two Thousand U.S. Dollars and Zero Cents ($2,000.00); and

    A check payable to Morgan & Morgan, P.A., in the amount of Two Thousand Five Hundred U.S. Dollars and Zero Cents ($2,500.00), in settlement of all claims,

known or unknown, asserted or unasserted, and is compensation for all alleged attorneys' fees and costs of Employee in connection with the Lawsuit. The Company will furnish an IRS Form 1099 to both "Morgan & Morgan, P.A." and Employee for this payment at the appropriate time. The payments in Paragraph 1 will be made by the Company within ten (10) days after this Agreement is fully executed by both Parties and the Court approves the settlement and dismisses the Lawsuit with prejudice. Employee will cooperate in good faith with the Company in asking the Court to approve this settlement and to dismiss the Lawsuit with prejudice. The Company shall deliver the checks to Employee's attorney to hold for his benefit and distribution.

2. Employee agrees that he will fully comply with the Restrictive Covenant Agreement even after the Lawsuit is dismissed. A copy of the Restrictive Covenant Agreement is attached as Exhibit A to this Agreement.

3. In exchange for the Company's payments and promises contained in this Agreement, Employee, for himself and his heirs, successors and assigns, hereby releases and discharges, and covenants not to sue or sue further, the Company and its current and former parents, subsidiaries, affiliates, divisions, owners, shareholders, successors, agents, insurers, officers, directors, employees, attorneys, representatives, heirs, assigns, assignees, predecessors, and all others in privity with the Company ("Released Parties") from and for any and all causes of action, claims, demands, costs and expenses, or damages, whether known or unknown, which he now has including the claims in the Lawsuit, or which have been or could have been asserted or could be asserted by Employee or on Employee's behalf arising out of any act, occurrence, transaction, or omission on or before the Effective Date of this Agreement, including without limitations his employment and/or the separation thereof with the Company as of the date of the execution of this Agreement. This release includes, but is not limited to, any and all claims for declaratory or equitable relief, claims for contribution or indemnity, back pay, front pay, employee benefits, damages, reinstatement, and/or attorney's fees and expenses, known or unknown, vested or contingent, which Employee now has or ever had resulting from any alleged violation, asserted or unasserted, of any federal, state and/or local laws, rules or regulations, including, but not limited to claims under the Florida Civil Rights Act, Sections 1981 through 1988 of Title 42 of the United States Code, the National Labor Relations Act, 29 U.S.C. § 151 et seq., the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., as amended, the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., as amended, the Occupational Safety and Health Act, 29 U.S.C. § 651 et seq., 29 U.S.C. § 621 et seq., the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq., Section 806 of the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A, the Employee Retirement Income Security Act of 1974, 29 USCS § 1002 et seq., as amended, the Immigration Reform and Control Act, 8 U.S.C. §§ 1324 et seq., the Worker Adjustment and Retraining Notification Act, 29 U.S.C. 2101, et seq., the Genetic Information Nondiscrimination Act of 2008; 42 USC sec 2000ff et seq., the Equal Pay Act, 29 U.S.C. § 206d et seq., the Consolidated Omnibus Benefits Protection Act. 29 U.S.C. §1161 et seq., or any other federal, state, or local human rights, civil rights, wage-hour, pension, employment, or labor laws, rules and/or regulations, public policy, contract or tort laws, or any claim arising under the common law, including assault and emotional distress, or any claims under the Company's employment policies

or the Company's benefits plans, or any claim for costs, fees or other expenses, including any and all attorney's fees, or any other action relating to or arising out of his employment with the Company and/or termination thereof based upon any conduct, act, or omission, up to and including the Effective Date of this Agreement, and Employee knowingly, voluntarily, and intentionally waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multiparty action or proceeding based on such a claim in which the Company and/or any of the other Released Parties is a party and/or any such claim relating to or arising out of his employment with the Company and/or termination thereof.

4. In exchange for the promises contained in this Agreement, the Company hereby releases and discharges, and covenants not to sue or sue further, Employee from and for any and all causes of action, claims, demands, costs and expenses, or damages, whether known or unknown, for actions that he took during his employment at the Company, including the counterclaims in the Lawsuit. To be sure, this Agreement does not release or relieve Employee from his obligations under the Restrictive Covenant Agreement.

5. Employee agrees that he will not seek reemployment with the Company or any of its subsidiaries, affiliates or divisions. Employee further agrees that, if he seeks any such employment, a rejection of his application or inquiry will not constitute a breach of this agreement or a violation of law in any manner whatsoever.

6. The Parties represent that they have not filed or caused to be filed any other complaints, suits, actions, charges, allegations, claims and/or proceedings relating to or arising out of Employee's employment with the Company (aside from the Lawsuit). The consideration provided in this Agreement shall be the sole relief, legal or equitable, provided for the claims that are released herein, and each party will not be entitled to recover, and agrees to waive, any monetary benefits or other recovery in connection with any such claims regardless of who has brought such claims. If any local, state or federal agency or court assumes jurisdiction of any complaint or charge against the Company on Employee's behalf, Employee agrees to inform such agency or court that he has waived his right to recover damages or other individual relief against the Company.

7. This Agreement shall be binding upon the Parties, their heirs, executors, administrators, assigns, successors, beneficiaries, employees and agents, and shall inure to the benefit of their successors and assigns.

8. The Parties understand and agree that neither this Agreement nor the negotiations in pursuance thereof shall be interpreted to render either Party a prevailing party for any reason, including, but not limited to, an award of attorney's fees, expenses or costs under any statute or otherwise.

9. The Parties are hereby advised and cautioned to consult with an attorney prior to executing this Agreement. The Parties acknowledge that they received this written instruction to consult an attorney prior to executing the Agreement and that, prior to executing this Agreement, were given sufficient opportunity to review this Agreement and consult with an attorney.

10. This Agreement may not be modified, altered or changed except upon express written consent of all Parties. This Agreement represents the complete understanding between the Parties. No other promises or agreement shall be binding or shall modify this Agreement unless signed by the Parties hereto. This Agreement shall be interpreted under the laws of the State of Georgia. Its language shall be construed as a whole, according to its fair meaning and not strictly for or against either party. Any dispute relating to this Agreement must be brought exclusively in a state or federal court in or for Fulton County, Georgia. Employee consents, and waives any objection, to such jurisdiction and venue of these courts.

11. Employee and the Company acknowledge that they have read and understand the contents of this Agreement and that they are executing it voluntarily, without any duress, and with knowledge of its meaning and effect.

12. This Agreement may be executed in counterparts, each of which shall be an original as against any Party who or which signed it, and all of which shall constitute one and the same document.

13. This Agreement is effective as of the last date below (the "Effective Date").

**Employee**

5-19-16
Date

_____
Weldon Ledbetter

**The Company**

Southeastern Laundry Equipment Sales, Inc.

5.20.2016    By: _____
Date

T. Chase Brown
Print Name

VP
Title